IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHN OYER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-00982-CV-W-ODS |
| CITY OF KANSAS CITY, MISSOURI, et al., | ) ) ) ) |
| Defendants. | ) ) |

**ORDER (1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, AND (2) DIRECTING CLERK'S OFFICE TO ACCEPT NO FURTHER FILINGS IN THIS MATTER**

On September 7, 2016, Plaintiff filed a motion for leave to proceed in forma pauperis. Doc. #1. The proposed complaint alleged Plaintiff is the co-owner of a chimpanzee seized by Defendant City of Kansas City, Missouri and taken to Defendant Kansas City Zoo. Doc. #1-1. He further alleged there were court proceedings surrounding the chimp's seizure, both in Kansas City Municipal Court and in the Jackson County Circuit Court. He contends "[t]he case was resolved and the Court refused to make a property disposition order leaving the chimp in the Kansas City Zoo. Plaintiff has requested the zoo and all other [Defendants] to return the chimp or to aid in returning the chimp and all Defendants have refused." *Id.*, at 2. He asserted an unspecified "tort claim" for having his civil rights violated and sought a declaration and order requiring the City to return the chimp.

The Court denied Plaintiff's request to proceed in forma pauperis for two reasons. Doc. #4. First, Plaintiff did not provide an Affidavit of Financial Status as required by Local Rule 83.7(a), which made it impossible to determine that he was unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). Second, the Court determined it lacked jurisdiction because Plaintiff asserted state causes of action, and there was no diversity of citizenship. Plaintiff then filed a multitude of Motions for Reconsideration, all of which were denied. Docs. #6, 12, 15. Finally, Plaintiff requested leave to submit an

Amended Complaint. Doc. #17. The Court granted this request. Doc. #18. On January 23, 2017, Plaintiff filed his Amended Complaint, and an Affidavit of Financial Status. Docs. #19, 20.

The Court reviewed Plaintiff's Amended Complaint and affidavit,[1] and adheres to its decision denying Plaintiff leave to proceed in forma pauperis. The Amended Complaint specifically incorporates the original Complaint by reference. It identifies a series of claims, many of which are redundant and none of which are fully explained. Counts 1 through 5 all assert violations of the First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments. According to Plaintiff, Counts 6 through 10 "are identical to Counts 1-5 except the claim is for negligent training," and "Counts 11-15 are identical to Counts 1-5 except the claim is for conspiracy." Plaintiff describes Counts 16-20 as presenting state law claims, but they too are predicated on the Constitution.

A request to file a lawsuit without paying the filing fee should be denied if the suit is frivolous or malicious, fails to assert a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim "is frivolous where it lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* The Court finds the Amended Complaint is frivolous.

Plaintiff's Amended Complaint does not set forth any factual allegations regarding multiple defendants. Plaintiff's original Complaint states "[a]ll of the above defendants were contacted for help administratively and declined to help or refused to return the chimp." The Court cannot find a conceivable basis for which Defendants such as former Lieutenant Governor Peter Kinder, Friends of the Zoo, or Kansas City Mayor Sly James are liable based on Plaintiff's factual allegations. Plaintiff named the Kansas City Police Department as a defendant, but it is not an entity that can be sued. *Cross v. Cleaver*, 142 F.3d 1059, 1063 (8th Cir. 1998) ("The KCMPD does not exist as an entity that can be sued...."). Plaintiff also brings suit against the 16th Circuit Court of Jackson County, Missouri. Whether Plaintiff intends to sue a state court judge, or the

---

[1] Plaintiff's affidavit is not notarized as required on the form provided by the Clerk's Office. Doc. #20.

Circuit Court as an entity, Plaintiff's claim fails. *See Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (holding individual judges are immune from suit when acting in their official capacity, courts are protected from § 1983 suits by state immunity under the eleventh amendment, and a "court" cannot be liable under the Civil Rights Act) (citations omitted). To the extent Plaintiff wishes the Court to review municipal and state court decisions, this Court cannot do so. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (holding lower federal courts do not have jurisdiction to hear "challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that that state court's action was unconstitutional.").

      Plaintiff's Amended Complaint is frivolous. Plaintiff's redundant recitation of Constitutional amendments and various statutes lacks an arguable basis in law and fact. Accordingly, the Court again denies Plaintiff leave to proceed in forma pauperis. Given Plaintiff's propensity to file a multitude of motions and the Court's repeated explanations of its previous decisions (Docs. #6, 12, 15), the Court directs the Clerk's Office to accept no further filings in the matter, other than a notice of appeal.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 1, 2017      UNITED STATES DISTRICT COURT